UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAULA J. CHAUSSEE,<br><br>             Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>             Defendant. | 3:14-cv-00905 (CSH) |

**RULING ADOPTING AND SUPPLEMENTING RECOMMENDED RULING**

HAIGHT, Senior District Judge:

    Plaintiff Paula J. Chaussee applied to the Social Security Administration (the "SSA") for disability benefits and supplemental security income on March 1, 2011.  The SSA denied Chaussee's application in a written decision on February 1, 2013 (Lisa Groeneveld-Meijer, *Administrative Law Judge*), which the Defendant Commissioner affirmed on appeal.  Chaussee brought the instant action under Section 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), to obtain a review of the Commissioner's decision.  Chaussee moved for an order reversing the Commissioner's decision, [Doc. 14], and the Commissioner cross-moved for an order of affirmance, [Doc. 19].  On August 24, 2015, Magistrate Judge Sarah A. L. Merriam issued a Recommended Ruling granting Chaussee's motion, and denying the Commissioner's, in light of the ALJ's failure to adhere to 20 C.F.R. § 404.1527(c)(2), commonly known as the "treating physician rule."  Doc. 21.[1]  In consequence, Judge Merriam recommended remanding the case for "the ALJ to reweigh the medical opinion evidence and reevaulate plaintiff's credibility and RFC."  Doc. 21, at 25.

---

[1] Familiarity with the Recommended Ruling, [Doc. 21], is assumed.

**I.    Standard of Review**

Defendant elected not to file an objection to Judge Merriam's ruling, which means that this Court reviews her decision only for "clear error." *See* 28 U.S.C. § 636(b)(2); *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp.2d 313, 316 (S.D.N.Y. 2002) (a "district court evaluating a Magistrate's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous" (quoting Fed. R. Civ. P. 72(b)).

**II.    Discussion**

Judge Merriam concluded that for a number of reasons, "the ALJ erred in her application of the treating physician rule." Doc. 21, at 3. Not only was Judge Merriam's conclusion "not clearly erroneous," it was manifestly correct. The case must accordingly be remanded to the Commissioner, as Judge Merriam recommended.

This Court's review of the case indicates that it is necessary to supplement the order for remand in certain respects. Judge Merriam held that, "[i]n light of [the] finding [that the "treating physician rule" was not followed], the Court need not reach the merits of plaintiff's remaining arguments." Doc. 21, at 24. Judge Merriam came to that conclusion in light of the standard of review for an SSA appeal in federal district court, which she correctly summarized as follows:

> First, the court must decide whether the Commissioner applied the correct legal principles in making the determination. Second, the court must decide whether the determination is supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). **The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly.**

Doc. 21, at 3 (emphases provided by Judge Merriam).

Judge Merriam is correct that a federal district court should not address arguments as to whether "substantial evidence" supports an ALJ's decision where that court finds the ALJ's decision, in the first instance, to be legally defective. *See*, *e.g.*, *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) ("the Court must first review the ALJ's decision for correct legal principles before applying the substantial evidence standard to uphold a finding of no disability."); *Meadors v. Astrue*, 370 F. App'x 179, 184 (2d Cir. 2010) ("Because the ALJ neglected to engage in the proper legal standard we cannot subject his determination to meaningful review").  Judge Merriam was therefore also correct in determining that, once she found a violation of the treating physician rule, she was not in a position to resolve Chaussee's allegations that the ALJ's findings were not supported by substantial evidence.  *See Golden v. Sec. of Health & Human Servs.*, 740 F. Supp. 955, 960 (W.D.N.Y. 1990) ("Where the treating physician rule has been applied incorrectly, a decision by the Secretary denying benefits cannot be upheld on the grounds that the denial is supported by substantial evidence" (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)))

However, Judge Merriam's recommended ruling omits analysis as to Chaussee's other allegation of *legal error*, an alleged legal deficiency which is separate and apart from Chaussee's argument as to the treating physician rule.  Specifically, Chaussee objected to the fact that the ALJ stated, in discounting Chaussee's credibility, that the record leads to a conclusion contrary to Chaussee's allegation of "complete and total disability." Doc. 14-1, at 32.  Chaussee's argument is that to the extent the ALJ held Chaussee to a standard by which her credibility was discredited solely because her statements did not support a finding of "complete and total disability," she erred as a matter of law.  Chaussee clearly, and correctly, identifies this supposed error as being legal in nature. *See* Doc. 14-1, at 32 ("The [ALJ] applied the wrong standard.").  Accordingly, this is an argument

that the Court should address now, prior to the ALJ's reevaluation on remand.

The SSA regulations provide the standard that an ALJ must apply when evaluating the credibility of a benefits claimant's statements as to the claimant's physical and mental condition. Specifically, the regulations make clear that a credibility determination is to be made as to a claimant's specific functional limitations:

> "[O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown,[2] the adjudicator must evaluate the intensity, persistence, and limited effects of the individual's symptoms *to determine the extent to which the symptoms limit the individual's ability to do basic work activities*."

Social Security Ruling 96-7p[3] (emphasis added). In other words, a credibility determination is not a binary one whereby the ALJ only decides whether or not the claimant credibly states that she is "disabled." Rather, the ALJ is to assess the credibility of the claimant as to each alleged functionality limitation, and then determine the claimant's residual functional capacity in light of the impairments that the ALJ deemed to be credible.

Nevertheless, Chaussee overstates the effect of the ALJ's statements as to the credibility of her allegations of "complete and total disability." It is clear that the ALJ did, in fact, engage in a detailed assessment of Chaussee's claims as to her specific functionalities, as required by the relevant regulations. *See* AR. 27-29.[4] The ALJ's statements regarding "complete and total disability" arrive

---

[2] Here, the ALJ found that Chaussee's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR. 27.

[3] SSR 96-7p is set to be superseded by SSR 16-3 on March 28, 2016. The distinctions between the two are irrelevant for present purposes.

[4] "AR." refers to the Administrative Record, which can be found at Doc. 9.

at the end of several sections, and are best described as summaries of the ALJ's analysis as to the specific functionalities discussed in detail therein, rather than a statement of the legal standard that the ALJ applied writ large.  Further, Chaussee is incorrect to the extent she argues that it is *per se* legal error for an ALJ simply to state whether a claimant's subjective statements support allegations of being ultimately disabled.  *See Toles v. Chater*, 104 F.3d 351, 1996 WL 545591, at *2 (2d Cir. Sept. 26, 1996) ("[T]he ALJ's determination was buttressed by his finding that Toles's subjective complaints were not credible.  Specifically, the ALJ noted that appellant's own description of her daily activities was inconsistent with her claim of total disability").  Therefore, the ALJ committed no legal error by stating that the record does not support Chaussee's allegations of "complete and total disability."

\*     \*     \*

The Court also takes this opportunity to highlight an error of law committed by the ALJ that went unchallenged by Chaussee (and therefore was unaddressed in Judge Merriam's ruling).  The ALJ erred when it discounted (to an unspecified extent) Chaussee's credibility because "[n]o credible, objective, examining or reviewing physician has reported that the claimant is disabled or even unable to perform work activity." AR. 29.  This is error because the SSA regulations make it clear that any such statement by a physician would not even constitute a medical opinion. Specifically, the regulations state that:

> (d) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, *are not medical opinions* . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> (1) Opinions that you are disabled.  We are responsible for making

> the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disable. *A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled. . . .*
>
> (3) *We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section*.

Section 404.1527 (emphases added). It simply cannot be the case that a claimant's credibility should be discounted on the basis that the claimant failed to proffer opinions on an issue that the regulations state are "reserved to the Commissioner," and as to which the Commissioner will give no "special significance." On remand, the ALJ should not discount Chaussee's credibility on the basis of any supposed failure to proffer a medical opinion as to whether she is ultimately "disabled" or "unable to work."

### III.   Conclusion

For the foregoing reasons, the Court ADOPTS AS SUPPLEMENTED HEREIN Judge Merriam's [21] Recommended Ruling, and thereby GRANTS IN PART Plaintiff's [14] Motion for Judgment on the Pleadings and DENIES Defendant's [19] Motion to Affirm the Decision of the Commissioner. In light of the above, the Court directs that this case be remanded to the Commissioner for further proceedings consistent with Judge Merriam's Recommended Ruling as supplemented by the instant Ruling. The Clerk is directed to close the case.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
       March 25, 2016

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Charles S. Haight, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　**Charles S. Haight, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　　**Senior United States District Judge**