```
                        UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF CONNECTICUT

------------------------------x
                              :
PAULA J. CHAUSSEE,            :      3:14CV00905(CSH)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :      July 28, 2016
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

## ORDER APPROVING STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EAJA [Doc. #24]

On March 1, 2011, plaintiff, Paula J. Chaussee, ("plaintiff") applied concurrently for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits claiming that she had been disabled since August 1, 2009. (Certified Transcript of the Record, Compiled on August 26, 2014 (hereinafter "Tr.") Tr. 230-45). Following a hearing before an ALJ, the ALJ denied plaintiff benefits on February 22, 2013. (Tr. 12-37). After exhausting her administrative remedies, plaintiff filed the Complaint in this case on June 20, 2014. [Doc. #2]. On October 6, 2014, the Commissioner filed her Answer and the official transcript. [Doc. #9]. On December 8, 2014, plaintiff filed her Motion for Judgment on the Pleadings to reverse and/or remand the Commissioner's decision ("Motion to Reverse"). [Doc. #14]. Following two extensions of time [Doc. ##16, 18], on March 23, 2015, the Commissioner filed her Motion

1

for an Order Affirming the Decision of the Commissioner, along with a memorandum in support. [Doc. #19].

On August 24, 2015, the undersigned issued a Recommended Ruling on Cross Motions, which granted plaintiff's Motion to Reverse, and remanded this matter for further administrative proceedings. [Doc. #21]. On March 25, 2016, Judge Charles S. Haight adopted and supplemented the Recommended Ruling. [Doc. #22]. Judgment was entered on March 29, 2016. [Doc. #23].

On June 9, 2016, the parties filed a Stipulation and Order to Award Attorney Fees and Costs. [Doc. #24 (sic)]. On July, 25, 2016, Judge Haight referred this matter to undersigned. [Doc. #25]. On July 26, 2016, the undersigned entered an Order requesting plaintiff's counsel to file an accounting of the fees sought in accordance with 28 U.S.C. §2412(d)(1)(B). [Doc. #26]. On July 26, 2016, pursuant to this order, plaintiff filed a Memorandum and other supporting documents. [Doc. #27].

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted); see also Rogers v. Colvin,

2

No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's application for fees to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation and Order to Award Attorney Fees and Costs [**Doc. #24**], for the stipulated amount of **$3,900.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification,

(3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In her Memorandum in Support of her claimed fees, plaintiff's counsel claims fees in the amount of $3,752.50, for 19.75 hours of attorney time at the 2014 rate of $190.00; $142.69, for .75 hours of attorney time at the 2015 rate of $190.25; and $47.78, for .25 hours of attorney time at the 2016 rate of $191.13, for a total of $3,942.97.[1] [Doc. #27-1, #27-3 at 4]. The parties have reached an agreement under which the defendant would pay a total of $3,900.00 in fees. It is the plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the

---

[1] The Court notes two minor discrepancies in plaintiff's counsel's supporting papers. First, the fees requested for 2016 differ by one cent on counsel's EAJA time itemization and attorney affidavit. Compare Doc. #27-1 (claiming $47.48 for fees incurred in 2016), with Doc. #27-3 at 4 (claiming $47.47 for fees incurred in 2016). Second, there appears to be a typo on the attorney affidavit with respect to the 2015 fees, as the affidavit seeks $190.25 in fees (which is the 2015 fee rate), but the EAJA time itemization only claims $142.69 for fees incurred in 2015. Compare Doc. #27-1, with Doc. #27-3 at 4.

costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (collecting cases); see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (collecting cases),

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (Mar. 29, 2010).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party because the Court granted her Motion to Reverse and ordered a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for slightly less than her total 20.75 hours of attorney time. [Doc. #27]. The transcript in this case was comprised of 961 pages, and plaintiff's counsel submitted a thorough and well-reasoned brief. Although plaintiff's counsel represented plaintiff during

---

[3] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

the administrative proceedings (Tr. 38-94), and therefore was familiar with the record prior to briefing, she nonetheless had an extensive and complex medical record to address. Indeed, the Court commends the efficiency of counsel's efforts, which culminated in a remand for her client, all of which totaled approximately twenty one hours of attorney time. Cf. Rodriguez, 2009 WL 6319262, at *3 ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (internal quotations and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$3,900.00** in fees is appropriate, and the parties' Stipulation and Order to Award Attorney Fees and Costs [**Doc. #24**] is **SO ORDERED.**

SO ORDERED this 28th day of July, 2016, at New Haven, Connecticut.

```
       ___/s/_____
       Hon. Sarah A. L. Merriam
       United States Magistrate Judge
```

7